IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DR. DAN E. HALE, *individually, and for*      )
*Cardinal Revocable Trust*, DON HALE,          )
*individually, and as Trustee for the*         )
HRC MEDICAL DEFINED BENEFIT                    )
PLAN,                                          )   NO. 3:14-cv-02194
                                               )   JUDGE RICHARDSON
    Plaintiffs,                            )
                                               )
v.                                             )
                                               )
STATE OF TENNESSEE, et al.,                    )
                                               )
    Defendants.                            )

# **MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion to Alter or Amend (Doc. No. 98, "Motion"). The State Defendant responded. (Doc. No. 99). Plaintiff filed no reply.

## BACKGROUND

This action has been pending for more than seven years. On September 15, 2021, the Court granted Defendants' Second Motion to Dismiss (Doc. No. 72), which resulted in the denial of Plaintiffs' final remaining claim for declaratory relief. (Doc. No. 96). This request for declaratory relief made up Count A of the Complaint, and is phrased as follows:

> Plaintiffs seek from the Court a finding that the HRC Medical Defined Benefit Plan remains a viable defined benefit plan, which must be governed by the provisions of 29 U.S.C. § 1144, et seq. In furtherance of that finding, Plaintiffs seek entry of an order compelling that the state court Receiver deposit with the Trustee of the plan the entirety of the fund of $646,027.74, to be placed in a FDIC insured bank so that it may be administered for the benefit of the plan beneficiaries. Plaintiffs further seek a finding from the Court that the removal of the ERISA-governed funds by the Receiver, in contravention of the applicable federal statutes and regulations, constitute a breach of fiduciary duty, and that the damages, penalties and sanctions

set forth in 29 U.S.C. § 1132(c) may be assessed to the Commissioner and her Receiver, including the $100.00 per day penalty.

(Doc. No. 1 at 10).

Plaintiff[1] now asks the Court to reconsider its dismissal of the declaratory relief claim pursuant to Federal Rule of Civil Procedure 59(a)(2) due to alleged "plain error on a threshold, determinative issue." (Doc. No. 98 at 1). Plaintiff describes the "two layers" which constitute this alleged error in the Court's dismissal:

> First, an Order has been entered that has determined that "Party B" (the legally discrete, separate "HRC Medical Defined Benefit Plan" has been prejudiced and impacted by the "waiver" actions of "Party A" (the Hales individually or the sponsoring HRC medical corporation), although "Party B," "the Plan" was never a participant in either the State Court or Claims Commission proceedings, for any purpose. The closest the State comes to somehow meshing those legally discrete parties is the emphasis that some of the ERISA Plan participants now before the Court, were, also as individuals, nominally before the Court as corporate directors and individual defendants. That argument should carry no greater weight in the present matter than an attempt to assign, for due process purposes, the same legal identity to separate LLCs or corporations which may share some members.
>
> Then, collateral, but remotely-secondary to the fundamental "different party" due process observations set forth above, the following points also separately justify a merits presentation at trial (on the ERISA record) on the issues of : 1) continued

---

[1] The Court notes that the Motion to Alter or Amend appears, based on paragraph 2 of the Motion, to have been brought solely by a single specific purported Plaintiff, which paragraph 2 calls "the 'Plan,'" (Doc. No. 98 at 1). Presumably, this means the HRD Medical Defined Benefit Plan, but actually neither this plan (as opposed to its trustee, Don Hale) nor any other "plan" is actually a plaintiff in this matter.

There are other problems here. In beginning of its case caption, the Motion refers to "DON HALE, Trustee for the HRC MEDICAL DEFINED BENEFIT PLAN, Plaintiffs." (*Id.*). This captioning is confusing in that is inconsistent with the case caption that has been used throughout the course of this litigation (which lists three Plaintiffs), and is self-contradictory in that it mentions only one Plaintiff, yet uses the plural "Plaintiffs." (*Id.*). This is not a big issue, except that the caption's listing of only one Plaintiff suggests that the Motion is being filed (solely) by that particular Plaintiff, rather than the alleged Plaintiff (which, as noted, is not actually a Plaintiff) mentioned in paragraph 2 of the Motion. Counsel would do well to pay attention to these kinds of things in the future.

In any event, to the extent that it matters, the Court will proceed under the assumption that this Motion is brought *only* by Don Hale as trustee for the HRC Medical Defined Benefit Plan—referred to herein as "Plaintiff"—and not by Don Hale individually, or by Dr. Dan E. Hale, either individually or on behalf of the Cardinal Revocable Trust.

Plan viability, under the terms of the Plan and IRS/Department of Labor regulations; 2) the effect on a TCC "waiver" defense where there is an absence of subject matter jurisdiction of ERISA in the TCC; and, 3) the nature and impact of the "equitable relief" involved, as opposed to "damages" sought "from the State."

(*Id.* at 8-9).

## LEGAL STANDARD

Plaintiff purports to bring his Motion pursuant to Federal Rule of Civil Procedure 59(a)(2), which reads as follows: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." But this rule is inapplicable here because there was no trial.

Defendants suggest that the Court could construe this motion instead as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). That subsection of Rule 59 reads: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court agrees that Rule 59(e) is applicable when a party, like Plaintiff here, moves to overturn a district court's ruling on a motion to dismiss. "[O]ur precedents require that we treat a motion to vacate an order of dismissal as a Rule 59(e) motion." *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1995); *cf. Southall v. USF Holland, Inc.*, No. 3:15-CV-01266, 2019 WL 383998, at *1 (M.D. Tenn. Jan. 30, 2019) (Richardson, J.) (treating a party's motion to alter the court's summary judgment finding as a Rule 59(e) motion where the plaintiff failed to cite to particular subsection of Rule 59 and where there was no prior trial); *Pettrey v. Enterprise Title Agency, Inc.*, 242 F.R.D. 384, 385 (N.D. Ohio 2007)..

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear

error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, Case No. 2:12-cv-02668-STA-dkv, 2016 WL 5396701, at * 3 (W.D. Tenn. Sept. 27, 2016). Essentially, a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, Civil No. 3:14-CV-2377, 2015 WL 5970894, at * 1 (M.D. Tenn. Oct. 14, 2015). Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at * 2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Harris*, 2016 WL 5396701, at * 3.

Though not invoked by either party, Federal Rule of Civil Procedure 60(b) may alternatively be applicable. This Court has previously, in resolving a party's motion to reconsider the Court's decision on summary judgment, conducted an analysis under rule 60(b); it likewise will do so here in the absence of Plaintiff's express invocation of an actually applicable provision

of the Federal Rules. *See Southall*, 2019 WL 383998, at *3. Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from an Order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Settle v. Bell*, No. 06-1092-JDT-egb, 2017 EL 1058365, at * 1 (W.D. Tenn. March 20, 2017). Relief from a judgment after its entry is an extraordinary remedy that should be used sparingly. *Duerson v. Henderson County Detention Center*, No. Civ. A.4:05CV-P165-M, 2005 WL 3536333, at * 1 (W.D. Ky. Dec. 21, 2005).

## DISCUSSION

Plaintiff begins his argument with a statement that is particularly telling regarding the fate of his motion: "Counsel for Plaintiff (the "Plan") may have done a poor job in articulating a pivotal, threshold issue that must be decided before any 'same acts' or 'subject matter jurisdiction' analysis may begin." (Doc. No. 98 at 1). Rules 59 and 60 do not provide an avenue for parties to re-argue, rephrase, or clarify arguments previously presented, no matter how poorly they made such arguments the first time around or how meritorious they would have been had they been made effectively. Plaintiff unabashedly makes quite clear that this is what he is attempting to do with this motion; little additional analysis is needed to deny this request to overturn the court's dismissal. *See also* (Doc. No. 98 at 2) (describing the "threshold, preclusive issue" as one which "Plaintiff attempted to convey in [his] first response").

Rule 59(e)

Plaintiff fails to meet any of the four conditions that would allow a Rule 59(e) motion to be brought. Plaintiff does not appear to invoke conditions two through four (newly-discovery evidence; an intervening change in controlling law; or a need to prevent manifest injustice). Instead, Plaintiff argues that the Court got the law wrong (i.e., there was a "clear error of law") and/or did not address what Plaintiff views to be a threshold issue.[2]

Despite Plaintiff's attempt to say otherwise, the Court *did* address Plaintiff's "different parties" argument. Because the Court found the argument to be unpersuasive, it stated in a footnote: "Plaintiffs also make several unsupported arguments that the Court finds unavailing. Plaintiffs argue that there is not a complete identity of the parties between this action and the TCC action. The Court is unpersuaded by this argument because Plaintiffs cite no case law in support or otherwise explain why identical parties would be required." (Doc. No. 95 at 9 n.8). Nothing in Plaintiff's Motion changes the Court's view in this regard. In fact, the Court is particularly bothered that Plaintiff states at the outset of his Motion that "substantial case law exists" to support his argument, yet fails to cite a single case throughout the entire motion. (Doc. No. 98 at 2). Plaintiff has pointed to no newly-discovered evidence or intervening change in controlling law. Plaintiff has not shown that the Court's prior ruling was a clear error of law or manifest injustice. Plaintiff's mere disagreement with the Court's ruling is certainly not enough for the Court to grant the extraordinary remedy of reversing its decision. Rule 59(e) thus affords Plaintiff no relief.

---

[2] Note that throughout the briefing, Plaintiff emphasizes that "the defendant" (or "the State," the particular Defendant to which Plaintiff here refers) did not address the issue it views to be determinative. That is irrelevant. Defendant has no duty to reply to all issues raised in Plaintiff's response. What matters under Rule 59 is whether the Court (as opposed to any Defendant) committed a clear error of law (either through misrepresenting the law, or, as Plaintiff argues, failing to address a determinative issue).

Rule 60

Even if the Court were to construe Plaintiff's motion alternatively to invoke Rule 60, Plaintiff has failed to show that any reason exists under Rule 60 for the Court relieve Plaintiff from its Order granting the motion to dismiss. There is no evidence of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence that could not have been discovered earlier; or fraud, misrepresentation or misconduct by an opposing party. Plaintiff has not even alleged that the judgment is void, satisfied, released or discharged. Finally, Plaintiff has not demonstrated that there is any justifiable reason to relieve him from the Court's judgment. Plaintiff has presented no evidence, let alone clear and convincing evidence, to establish grounds for extraordinarily relieving Plaintiff from the Order granting dismissal.

## CONCLUSION

For all of these reasons, Plaintiff's Motion to Alter or Amend will be denied. An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE